IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JUDY NEW,

    PLAINTIFF,

v.                                                   CV-05-P-0961-W

CINGULAR WIRELESS LLC,

    DEFENDANT.                     JURY TRIAL DEMANDED

## COMPLAINT

### INTRODUCTION

1.    This complaint seeks redress on behalf of Plaintiff for the Defendant's violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, and for the Defendant's violations of the Equal Credit Opportunity Act (ECOA) 15 U.S.C. § 1691 *et seq.*

2.    This action seeks declaratory and injunctive relief, statutory damages, and punitive damages and class relief to redress the violations by Defendant of the FCRA, the ECOA, and Regulation B, 12 C.F.R. § 202 (hereinafter "Regulation B"), promulgated by the Board of Governors of the Federal Reserve System pursuant to Section 703 of the ECOA, 15 U.S.C. § 1691b.

3.    Plaintiff seeks relief from the acts of Defendant who has utterly failed to provide her and class members notification of adverse action based in whole or in part on their consumer credit reports and notice of action taken on their credit applications.

### THE PARTIES

5.      Plaintiff is over the age of nineteen (19) years and resides in the Western Division of this District. At all times relevant hereto, Plaintiff was a consumer as that term is defined by the FCRA and the ECOA.

6.      Defendant, Cingular Wireless LLC, (hereinafter Cingular) is a wireless telephone service provider and a user of credit reports and a creditor as that term is used in both the ECOA and FCRA.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over this matter based upon 28 U.S.C. § 1331. This dispute involves predominant issues of federal law. The claims asserted herein are based on causes of action provided by federal statutes, § 616 of the FCRA, 15 U.S.C. § 1681n, and § 706 of the ECOA, 15 U.S.C. § 1691e(b).

5.      Venue is proper in this court because the plaintiff resides in this district. 28 U.S.C. § 1391(b)(1). Venue is proper in this district also pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

6.      Defendant provides cellular telephone service to individuals in exchange for a monthly or per use fee.

7.      On or about February 28, 2004 Plaintiff attempted to establish cellular telephone service with the Defendant by visiting a Cingular retail outlet in Calera, Alabama.

8.      As part of the application process, the Plaintiff was required to complete an application for cellular telephone service, which required, among other things,

information sufficient for the Defendant to request a consumer report from a credit bureau or bureaus.

9. The Plaintiff provided the necessary information and authorizations and a representative, employee, and/or agent of the Defendant requested the Plaintiff's consumer credit report.

10. Based in whole or in part on information contained in plaintiff's consumer report Defendant refused to open an account for Plaintiff unless she first paid a deposit to the secure the account.

11. The Plaintiff, being unable to afford to pay the deposit, was unable to establish service with the Defendant.

12. The requirement of a deposit as a condition of opening the account constitutes an adverse action as that term is used in both the FCRA and ECOA.

13. The defendant failed to give the plaintiff the notice of adverse action required by the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a) or the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d) and Regulation B, 12 C.F.R. § 202.9(a)(2).

14. Accordingly, the Plaintiff was unaware of her statutory right to request a copy of her consumer report and to dispute those entries that she believed were inaccurate or to place a consumer statement in the report.

15. Upon information and belief, the acts complained of herein were part of a pattern and practice of failing to provide the required notices under the FCRA and ECOA when adverse action has been taken within the meaning of both of those statutes.

16. Upon information and belief, Defendant maintains no procedures designed to insure that the required notices will be provided to the class members, or alternatively,

the procedures that are maintained are inadequate to insure that the required notifications are provided.

17. Unless Defendant is ordered to provide to Plaintiff and class members the notifications required by law, Plaintiff and class members will continue to suffer irreparable injury for which there is no adequate remedy at law.

18. Defendant's failure to comply with ECOA and FCRA is intentional and ongoing

19. The acts complained of herein were committed by Defendant willfully, intentionally, purposefully, and/or in reckless disregard of the rights of Plaintiff and class members.

## COUNT I
## (EQUAL CREDIT OPPORTUNITY ACT)

20. Plaintiff incorporates the relevant paragraphs of this complaint as if set forth verbatim herein.

21. Defendant took adverse action against Plaintiff in connection with a consumer credit transaction.

22. Defendant failed to comply with the notification requirements of the Equal Credit Opportunity Act set forth in Regulation B, 12 C.F.R. § 202.9(a)(1)(I) and thereby violated the ECOA.

23. Defendant's failure to give the Plaintiff an adverse action notice was willful, intentional, reckless and/or negligent.

24. Defendant is liable to Plaintiff for statutory punitive damages of $10,000, pursuant to § 706(b) of the ECOA, 15 U.S.C. § 1691e(b), plus attorneys fees and costs.

WHEREFORE, Plaintiff demands judgment for willful and/or negligent violation of the Equal Credit Opportunity Act and seeks statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT II
## (FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681m)

25.    Plaintiff incorporates the relevant forgoing paragraphs as if set forth verbatim herein.

26.    Defendant took adverse action against Plaintiff based in whole or in part on information in said Plaintiff's consumer report.

27.    Defendant failed to give Plaintiff notice of its adverse action as mandated by the Fair Credit Reporting Act, 15 U.S.C. § 1681m, and thereby violated the FCRA.

28.    Defendant's failure to give Plaintiff an adverse action notice was willful, intentional and/or reckless.

29.    Plaintiff demands judgment for willful and/or negligent violation of the Fair Credit Reporting Act and seeks statutory damages, punitive damages, attorneys' fees and costs of this action.

30.    Pursuant to 15 U.S.C. § 1681n(a) Plaintiff is also entitled to between $100.00 and $1,000.00 in statutory damages, plus punitive damages, attorneys fees and costs for Defendant's failure to comply with 15 U.S.C. § 1681m.

WHEREFORE, Plaintiff demands judgment for willful and/or negligent violation of the FCRA and seeks statutory damages, punitive damages, attorney fees and costs of this cause.

## COUNT III
## (CLASS ACTION ALLEGATIONS)

31. Plaintiff incorporates the relevant forgoing paragraphs as if set forth verbatim herein.

32. Plaintiff prays that this Court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23 and realleges and incorporate by reference the allegations of the Counts of the Complaint on behalf of all persons herein described belonging to the class or any subclass therein.

33. Plaintiff brings this action on behalf of herself and all members of a class of similarly situated persons to whom the Defendant never gave notice as required by the ECOA.

34. Plaintiff brings this action on behalf of herself and all members of a class of similarly situated persons to whom the Defendant never gave notice as required by the FCRA.

35. Plaintiff avers that the members of both the ECOA and the FCRA classes are sufficiently numerous that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to each of the classes relating to the conduct of the Defendant. Plaintiff further avers that her claims as representative of the classes are typical of the claims of the members of each class. Plaintiff further avers that in a representative capacity she will fairly and adequately protect the interests of both the ECOA and FCRA classes.

36. Names and addresses of class members are presently unknown to Plaintiff but can be readily ascertained from the Defendant's business records.

37. The common issues of law and fact predominate over individual issues.

38. WHEREFORE, Plaintiff pray that this Honorable Court grant the following relief:

    1. Certify the Plaintiff's FCRA and ECOA claims on behalf of classes of similarly situated persons, and set it for hearing on the certification of the classes at the earliest practicable time;

    2. Declare the acts and omissions of Defendant to be violative of the ECOA and Regulation B;

    3. Declare the acts and omissions of Defendant to be violative of the FCRA;

    4. Award Plaintiff and class members FCRA statutory damages of between $100 to $1,000 each;

    5. Award Plaintiff and the class statutory ECOA punitive damages of $500,000.00 or 1% of the net worth of the defendant;

    6. Issue an injunction (a) ordering Defendant to provide to Plaintiff and class members the notifications required by law (b) ordering Defendant to establish and maintain appropriate procedures adequate to insure compliance with the ECOA, Regulation B (c) and the FCRA; award the class members punitive and statutory damages;

    7. Award a reasonable attorney's fee;

    8. Award to Plaintiff and to the class members their costs; and

    9. Grant such other and further relief as may be just and proper.

Respectfully submitted this the 6th day of May, 2005.

_____
Earl P. Underwood, Jr. (UND008)
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
251-990-5558 voice
251-990-0626 fax

PLAINTIFF DEMANDS A TRIAL BY JURY

_____
Earl P. Underwood, Jr.

PLEASE SERVE THE DEFENDANT BY CERTIFIED MAIL