#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF ALABAMA
#### WESTERN DIVISION

| | |
|---|---|
| **JUDY NEW,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 7:05-CV-0961-RDP |
| } | |
| **CINGULAR WIRELESS, LLC,** } | |
| } | |
| Defendant. } | |

### MEMORANDUM OPINION

**I.   INTRODUCTION**

Pending before the court is Defendant's Motion to Dismiss the Amended Complaint (Doc. # 61) filed on April 27, 2007. The motion has been fully briefed and came under submission on May 21, 2007. For the reasons set forth below, the court finds the motion is due to be denied.

**II.   STATEMENT OF RELEVANT FACTS[1]**

On February 28, 2004, Plaintiff Judy New sought to establish cellular telephone service with Defendant at its retail outlet in Calera, Alabama. (Doc. # 18 ¶ 9). As part of the application process, Plaintiff was required to complete an application, which enabled Defendant to request a consumer credit report from one or more credit bureaus. (*Id.* ¶ 10). Based on information contained in Plaintiff's consumer credit report, Defendant refused to open an account for Plaintiff unless she first

---

[1] Generally, when deciding a motion to dismiss the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). From their submissions addressing Defendant's Motion to Dismiss, the court has gleaned the parties' agreement regarding the facts that are relevant for purposes of this motion, and has relied upon those unless otherwise noted.

paid a deposit. (*Id.* ¶ 12). Plaintiff alleges that Defendant failed to give Plaintiff notice of this adverse action as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (2000) ("FCRA"). (*Id.* ¶ 15). Accordingly, Plaintiff asserts claims for the willful violation of § 1681m(a) ("Duties of users taking adverse actions on basis of information contained in consumer reports") (under 15 U.S.C. § 1681n) and for the negligent violation of § 1681m(a) (under 15 U.S.C. § 1681o). (*Id.* ¶¶ 20–30).

The Fair and Accurate Credit Transactions Act of 2003, Pub. L. No. 108–159, 117 Stat. 1952 (2003) (codified at 20 U.S.C. §§ 1681 *et seq.*) ("FACTA"), was enacted on December 4, 2003 and modified portions of the FCRA. Congress directed the Board of Governors of the Federal Reserve System and the Federal Trade Commission to issue regulations establishing the effective dates for various changes made by FACTA. Those agencies eventually issued a regulation that set December 1, 2004 as the effective date for changes to the relevant provisions of § 1681m ("Requirements on users of consumer reports"). The wrongful conduct alleged in Plaintiff's Amended Complaint occurred after the enactment of FACTA, specifically on February 28, 2004, but before its effective date of December 1, 2004. Plaintiff filed her original Complaint on May 10, 2005, after FACTA's effective date.

### III.   STANDARD OF REVIEW

Defendants have challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) if a plaintiff fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (U.S. 2007). That is, if a plaintiff "ha[s]

not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original). Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see also Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in pertinent part*, 391 F.3d 1323 (11th Cir. 2004).

IV.     ANALYSIS

Prior to the enactment of the FACTA, persons failing to comply with FCRA § 1681m were subject to administrative and private enforcement actions. 15 U.S.C. §§§ 1681n (providing a private right of action for willful failure to comply with the FCRA), 1681o (providing a private right of action for negligent failure to comply with the FCRA) & 1681s (providing for administrative enforcement).  On December 4, 2003, Congress enacted FACTA, thereby amending § 1681m to eliminate private enforcement.[2]  With certain exceptions not relevant to the discussion here, FACTA did not provide for a specific date upon which its provisions would become effective.  Instead, Congress directed the Board of Governors of the Federal Reserve System and the Federal Trade Commission as follows:

---

[2]The relevant section of FACTA provides:

(8) ENFORCEMENT.—

>    (A) NO CIVIL ACTIONS.—Sections 616 and 617 [15 U.S.C. §§ 1681n, 1681o] shall not apply to any failure by any person to comply with this section.

>    (B) ADMINISTRATIVE ENFORCEMENT.—This section shall be enforced exclusively under section 621 [15 U.S.C. § 1681s] by the Federal agencies and officials identified in that section.

FACTA, § 311, Pub. L. 108–159, 117 Stat. 1952 (codified in 15 U.S.C. § 1681m(h)(8) (2003)).

Other federal courts have struggled with the issue of whether the limitation in section 1681m(h)(8) (cited above) applies to 1681m in its entirety or solely to subsection 1681m(h). *Compare Bruce v. Wells Fargo Bank, N.A.*, No. 2:05cv243 PS, 2006 WL 1195210, at *2 (N.D. Ind. May 2, 2006) (finding that it applies to 1681m in whole) *with Barnette v. Brook Road, Inc.*, No. 3:05cv590, 2006 WL 1195913 (E.D. Va. May 3, 2006) (finding that it applies only to 1681m(h)). A conclusion that it applies only to the relevant subsection, namely § 1681m(h), would result in a finding in favor of the Plaintiff because her cause of action arises under section 1681m(a). Although a reasonable argument may exist that the bar does not apply to 1681m(a), Plaintiff has failed to so argue, and thus the court will not consider this issue.

>(1) before the end of the 2-month period beginning on the date of enactment of this Act, . . . prescribe regulations in final form establishing effective dates for each provision . . .; and
>
>(2) the regulations prescribed under paragraph (1) shall establish effective dates that are as early as possible, while allowing a reasonable time for the implementation of the provisions of this Act, but in no case shall any such effective date be later than 10 months after the date of issuance of such regulations in final form.

FACTA, § 3, Pub. L. No. 108–159, 117 Stat. 1952 (2003). Pursuant to Congress's directive, the agencies adopted a regulation that gave effect to the relevant provision as of December 1, 2004. 16 C.F.R. § 602.1(c)(3); *see* FACTA §§ 3 & 311, Pub. L. No. 108–159, 117 Stat. 1952 (2003). The wrongful conduct alleged in Plaintiff's Amended Complaint occurred after the enactment of FACTA, but before its effective date of December 1, 2004. Plaintiff filed her original Complaint on May 10, 2005, after FACTA's effective date.

It is Defendant's position that, based upon these allegations, Plaintiff cannot assert these claims because Congress abolished the private right of action to enforce § 1681m when it enacted FACTA. Going further, Defendant claims that this abolition of private actions to enforce § 1681m applies to any claim that arises from conduct occurring on or after the *enactment* date of FACTA, *i.e.*, December 4, 2003, which it claims Congress made clear with the inclusion of § 312(f),[3] a provision that somewhat proscribes FACTA's temporal reach. Drawing a negative inference,

---

[3]Section 312(f) of the FACTA provides:

>RULE OF CONSTRUCTION.—Nothing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. 1681n, 1681o) that existed on the day before the date of enactment of this act.

Pub. L. No. 108–159, 117 Stat. 1952 (2003).

Defendant argues that because Congress expressly carved out liability occurring before the enactment date, it follows that private claims arising thereafter—even after the enactment date but before the effective date—are prohibited. Alternatively, Defendant argues that even if Congress had not clearly defined FACTA's temporal scope, Plaintiff's claims would still be barred because application of FACTA's bar against private claims would not have an impermissible retroactive effect under *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994). More specifically, Defendant asserts that there would be no impermissible retroactive effect because: (i) the conduct giving rise to Plaintiff's claims occurred after FACTA's enactment; and (ii) Plaintiff did not file her lawsuit until after both the enactment and effective dates. Alternatively, Defendant contends that whether the bar may be applied retroactively is not at issue because 1681m(h)(8) does not address the conduct giving rise to a cause of action, *i.e.*, Defendant's conduct here, but concerns only the ability to bring a civil action, which, in this case, was filed well after the bar's effective date.

Plaintiff contends that there is a private right of action for conduct that occurred before FACTA's *effective* date, but agrees that there is no private right of action for conduct occurring after that date.[4] It also appears that Plaintiff and Defendant agree that the effective date of the FACTA amendment is December 1, 2004. However, Plaintiff argues that FACTA cannot be applied retroactively to bar Plaintiff's claim which accrued before the effective date of FACTA, despite the fact that Plaintiff filed her claim after *both* the enactment *and* the effective date. Citing *Landgraf*, and noting the general presumption against retroactivity of a statute, Plaintiff argues that Congress has not expressly proscribed FACTA's temporal reach, notwithstanding § 312(f). Moreover,

---

[4] Based on discovery to date, Plaintiff has represented to the court that she believes that any class period will not extend beyond November 30, 2004. (Doc. # 64 at 3).

Plaintiff asserts that FACTA would have an impermissible retroactive effect if it were applied to bar her claims because Plaintiff would lose a remedy that she had before FACTA (in order to compensate her for Defendant's conduct occurring before FACTA's effective date) and Defendant would shield itself from civil liability that it had in these types of transactions prior to FACTA's effective date.

The Supreme Court has articulated a presumption against statutory retroactivity. *See Landgraf*, 511 U.S. at 293. The rare circumstances under which a provision may be applied retroactively to pending cases is determined by a three-step process. *Cabello v. Fernández-Larios*, 402 F.3d 1148, 1154 (11th Cir. 2005) (citing *Landgraf*, 511 U.S. at 280). First, it must be determined "whether Congress has expressly prescribed the statute's proper reach." *Landgraf*, 511 U.S. at 285. If Congress has clearly indicated that the provision be applied either prospectively or retroactively, the court must apply the provision as Congress directed. *Id.* at 280. "[A] requirement that Congress first make its intention clear helps ensure that Congress itself has determined that the benefits of retroactivity outweigh the potential for disruption or unfairness." *Id.* at 267. If the court is unable to determine Congress's intent, the court must resort to judicial default rules to determine whether the statute can be applied retroactively. The court will first "employ normal rules of statutory construction to ascertain the temporal scope of the statute." *Cabello*, 402 F.3d at 1153–54 (citing *Craig v. Eberly*, 164 F.3d 490, 494 (10th Cir. 1998)). Thereafter, in situations where statutory interpretation techniques do not answer the question of the statute's temporal scope, the court must determine whether the statute would have a "retroactive result" if it were applied to conduct which occurred prior to its enactment (*i.e.*, whether it would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to

7

transactions already completed."). *Id.* If the statute would have this "retroactive result," the court applies the judicial presumption against applying the provision retroactively. *See id.* at 286.

>    A.   **Congress Did Not Expressly Prescribe FACTA's Temporal Reach Regarding Conduct Occurring Before FACTA's Effective Date.**

Defendant urges the court to rule that § 312(f) of FACTA reveals Congress's express intent that the statute be applied to all conduct—or at least all actions that are filed—after FACTA's enactment date of December 4, 2003, thus barring Plaintiff's suit here. However, the court finds the reasoning of the court in *Grab v. The Am. Lawyers Co.*, 2007 WL 842045 (D. Hawaii March 19, 2007) persuasive, where the court considers the effect of § 312(f) on FACTA's applicability to a suit like the one presently before the court (*i.e.*, filed *after* FACTA's effective date alleging conduct that occurred *before* FACTA's effective date but *after* its enactment date):

> Congress has not expressly prescribed the statute's proper reach. Section 312(f) of FACTA . . . indicates that Congress did not intend to bar lawsuits stemming from conduct that occurred before the date FACTA was enacted, December 4, 2003. It does not, however, specifically address the application of FACTA to events that occurred between the date it was enacted and its effective date, December 4, 2004 [*sic*]. [Defendant] argues that § 312(f) shows that Congress determined that FACTA should apply to all claims arising after the statute's date of enactment, even though § 312(f) does not say as much. [Defendant]'s own argument demonstrates its flaw. Although the court may be able to draw an inference of Congressional intent, the requisite clarity from Congress is clearly missing; the language at issue is not "so clear that it could sustain only one interpretation." *Lindh* [*v. Murphy*], 521 U.S. [320] at 328 n.4 [(1997)].

2007 WL 842045, at *6–7. One court has directly addressed Defendant's "negative inference" argument:

> I first find that Congress has not expressly prescribed the statute's proper reach. The only insight Congress has offered is § 312(f) of FACTA . . . . [D]efendants argue that by negative implication FACTA § 312(f) demonstrates that Congress determined that FACTA should apply to all claims arising after the statute's effective date . . . . This provision supports the conclusion that Congress did not intend to bar lawsuits

8

> stemming from conduct that occurred before the date FACTA was enacted, December 4, 2003. It does not, however, specifically address the application of FACTA to events that occurred between the date it was enacted and its effective date.

*Miller v. Corestar Fin. Group of PA, Inc.*, 2007 WL 419194, at *3 (E.D. Pa. Feb. 5, 2007). The Supreme Court has repeatedly concluded that, in order to decide that Congress has expressly prescribed a statute's temporal reach for purposes of finding the statute to be retroactive, the court must find the "statutory language . . . [is] so clear that it could sustain only one interpretation." *Lindh v. Murphy*, 521 U.S. 320, 328 n.4 (1997) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34–37 (1992) (holding that the existence of "plausible" alternative interpretations of statutory language meant that the language could not qualify as an "unambiguous" expression of a waiver of sovereign immunity); *Graham v. Goodcell*, 282 U.S. 409, 416–20 (1931) (holding that a statutory provision "was manifestly intended to operate retroactively according to its terms" where the tax statute spelled out meticulously the circumstances that defined the claims to which it applied and where the alternative interpretation was absurd); *Auto. Club of Mich. v. Comm'r*, 353 U.S. 180, 184 (1957) (finding a clear statement authorizing the Commissioner of Internal Revenue to correct tax rulings and regulations "retroactively" where the statutory authorization for the Commissioner's action spoke explicitly in terms of "retroactivity"); *United States v. Zacks*, 375 U.S. 59, 65–67 (1963) (declining to give retroactive effect to a new substantive tax provision by reopening claims otherwise barred by statute of limitations and observing that Congress had provided for just this sort of retroactivity for other substantive provisions by explicitly creating new grace periods in which otherwise barred claims could be brought under the new substantive law)). The court acknowledges that § 312(f) could be construed so as to imply a "negative inference" that Congress meant to preclude all private enforcement of § 1681m after FACTA's enactment date. However, the court

also notes that Plaintiff's interpretation (and that of at least two other district courts)[5]—that Congress simply meant what it expressly said, *i.e.*, that FACTA did *not* apply to conduct[6] arising before its enactment date, and did not address conduct arising *after* FACTA's enactment, but *before* its *effective* date—is also a plausible reading of the provision. Finding that at least two plausible interpretations of § 312(f) exist, the court cannot conclude that this statutory language is an unambiguous expression of Congress's intent that FACTA bar all private enforcement of FCRA § 1681m after its enactment date but before its effective date. Therefore, the court moves to the second step of the *Landgraf* /*Lindh* analysis.

---

[5]In reaching its conclusion, the court has carefully considered, but rejected, the reasoning of the magistrate judge in *Crowder v. PMI Mortgage Insurance Co.*, 2006 WL 1528608 (M.D. Ala. May 26, 2006).

[6]Defendant's argument that FACTA may still bar Plaintiff's suit because it was *filed* after FACTA's effective date (despite the fact that the conduct complained of *occurred before* that date) merits only a brief discussion. Although the court notes that one district court has accepted this argument, see *Killingsworth v. Household Bank (SB), N.A.*, 2006 WL 250704, at *4 (N.D. Ill. Jan. 31, 2006), it did so based upon Seventh Circuit case law and reasoned that the law at the time the plaintiff brought suit must apply. However, the *Killingsworth* court *did not even mention* (much less distinguish) the one Seventh Circuit case, *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) (issued two weeks before *Killingsworth*), that dealt with the express issue of FACTA's barring private FCRA actions. The *Murray* court expressly stated, "A recent amendment [*i.e.*, FACTA] to the [FCRA] abolishes private remedies for violations of the clear-disclosure requirement [(another FCRA section previously enforced by private actions)], which in the future will be enforced administratively, but that change does not apply to offers made before its effective date and thus does not affect this litigation." 434 F.3d at 951. Therefore, since *Killingsworth* based its conclusion on an incomplete analysis of controlling law in its Circuit, the court cannot agree with its reasoning. Nor is the court independently convinced of the merits of this argument in general, since § 312(f) itself refers to "any liability," as opposed to "any action" or "any suit." Since "liability" itself is an ambiguous term that could be plausibly interpreted to mean on the one hand "actions" or on another "conduct," the court cannot conclude that Congress intended that FACTA bar private actions under the FCRA brought after the effective date for conduct occurring before such date.

### B. The Court Need Not Apply the Normal Rules of Statutory Construction to Decipher FACTA's Temporal Reach, Because an Impermissible Retroactive Effect Would Result from FACTA's Application to this Case.

The court need not undertake the second part of the *Landgraf/Lindh* analysis because it concludes an impermissible retroactive effect would result from FACTA's application to this case, as discussed at Part IV. C. *infra*; accordingly, *Landgraf*'s presumption against retroactivity applies. As the Supreme Court has instructed:

> In determining whether a statute's terms would produce a retroactive effect . . . and in determining a statute's temporal reach generally, our normal rules of construction apply. Although *Landgraf*'s default rule [that a statute does not have retroactive effect] would deny application when a retroactive effect would otherwise result, other construction rules may apply to remove even the possibility of retroactivity . . . .

*Lindh v. Murphy*, 521 U.S. 320, 326 (1997). The court finds that if FACTA were to apply to the claims asserted by Plaintiff here the result would be an impermissible retroactive effect on Plaintiff's claims and Defendant's liability in this case. Therefore, it is unnecessary to apply normal rules of statutory construction to FACTA.

However, and alternatively, the court notes that the normal rules of statutory construction do not clearly counsel for or against FACTA's application to conduct after its enactment date and before its effective date. The essential rub is in the statutory language itself, which the court has found unambiguously precludes FACTA's bar on private enforcement to liabilities arising before its enactment date, but nothing more. To be sure, Congress's direction that the Board of Governors of the Federal Reserve System and the Federal Trade Commission establish effective dates for each of FACTA's provisions by regulation, and the undisputed evidence that these agencies did so almost one year after FACTA's enactment, leaves the court in an interpretive quagmire. By directing the agencies in such a way, it appears that Congress contemplated the possibility of FACTA's piecemeal

11

effects to be felt as the agencies followed its direction to develop regulations implementing the statutes. Section 312(f) can be read so as to give equal effect to the statutory direction to these agencies—*i.e.*, § 312(f) on its face only prevents FACTA's application to conduct occurring before its enactment, while Congress left the question of when it would apply to future conduct (or, here, intervening conduct between the enactment and effective dates) to the Federal Reserve Board and FTC. Thus, the rule that "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective," applies here, and it follows that the best course is to limit FACTA's temporal reach to its plain meaning (as set forth above). *Morton v. Mancari*, 417 U.S. 535, 551 (1974). Again, the court finds that FACTA's impermissible retroactive effect, discussed next, makes this specific conclusion unnecessary.

      **C.**    **Application of FACTA to Plaintiff's Suit Would Have an Impermissible Retroactive Result.**

A statute does not have an impermissible retroactive effect merely because it applies to conduct that occurred before the statute's enactment. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994). "Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* at 269–70. Specifically, the court must determine whether the new provision would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 267.

Only one circuit court has decided this issue, finding that FACTA does not apply retroactively to credit offers made before the amendment's effective date. *See Murray v. GMAC*

*Mortgage Corp.*, 434 F.3d 948, 951 (7th Cir. 2006) ("A recent amendment [(FACTA)] to the Act [(FCRA)] abolishes private remedies for violations of the clear-disclosure requirement [another FCRA section previously enforced by private actions], which in the future will be enforced administratively, but that change does not apply to offers made before its effective date and thus does not affect this litigation."). Lower courts have split on the issue. *Compare*, *e.g.*, *Crowder v. PMI Mortgage Ins. Co.*, 2006 WL 1528608 (M.D. Ala. May 26, 2006) ("giving effect to section 1681m(h)(8) to preclude [plaintiffs'] lawsuit would not be impermissibly retroactive") *with Phillips v. New Century Fin. Corp.*, 2006 WL 517653 (C.D. Cal. Mar. 1, 2006) (concluding that "the FACTA amendment eliminating the private right of action does not bar Plaintiff's claim"). However, the great majority of courts have found that FACTA would have an impermissible retroactive effect if applied to a plaintiff's claim concerning conduct that occurred after its enactment, but before its effective date, even if the plaintiff failed to bring a claim before the effective date. *See Grab v. The Am. Lawyers Co.*, 2007 WL 842045 (D. Hawaii Mar. 19, 2007); *Miller v. Corestar Fin. Group of PA, Inc.*, 2007 WL 419194 (E.D. Pa. Feb. 5, 2007); *Panko v. Discovery Fin. Servs. LLC*, 458 F. Supp. 2d 580 (N.D. Ill. 2006) (the defendant's conduct allegedly occurred before FACTA's enactment date, but the plaintiffs filed suit well after the effective date and the court analyzed retroactivity in terms of the effective date); *Soroka v. Homeowners Loan Corp.*, 2006 WL 4031347 (M.D. Fla. June 12, 2006); *Bonner v. Home123 Corp.*, 2006 WL 1518974 (N.D. Ind. May 25, 2006); *Hogan v. PMI Mortgage Ins. Co.*, 2006 WL 1310461 (N.D. Cal. May 12, 2006) (the defendant's conduct allegedly occurred before FACTA's enactment date, but the plaintiffs filed suit well after the effective date and the court analyzed retroactivity in terms of the effective date); *Phillips v. New Century Fin. Corp.*, 2006 SL 517653 (C.D. Cal. Mar. 1, 2006); *Parthiban v. GMAC Mortgage*

*Corp.*, SA CV 05-768 DOC (C.D. Cal. Mar. 1, 2006); *Fisher v. Fin. Am., LLC*, Case No. SA CV 05-0888 CJC (C.D. Cal. Jan. 24, 2006) (the defendant's conduct allegedly occurred before FACTA's enactment date, but the plaintiffs filed suit well after the effective date and the court analyzed retroactivity in terms of the effective date).

Applying the rules gleaned from this wealth of case law, the court believes the majority has got it right; accordingly, it finds that FACTA would have an impermissible retroactive effect in this case. Foreclosing Plaintiff's ability to bring a private action against Defendant in this case would "impair rights a party possessed when he acted" since, at the time Defendant failed to give Plaintiff notice of an adverse action taken against her in violation of the FCRA, she had the right to file a private cause of action against Defendant. Prior to FACTA, the legal consequences of violation of § 1681m(a) included liability to the consumer in a civil action, while afterward the legal consequences include only liability to the FTC. Thus, without question, FACTA impairs Plaintiff's right to bring a civil action for conduct occurring before its effective date (and, not coincidentally, nor impermissibly in terms of legal retroactivity, it would remove a significant source of liability for Defendant). The court finds this is an impermissible retroactive effect under a *Landgraf*/*Lindh* analysis, and, therefore concludes that FACTA does not bar Plaintiff's claims under the FCRA in this case. For these reasons, Defendant's motion to dismiss is due to be denied.

### V. CONCLUSION

As state above, the court concludes Defendant's Motion to Dismiss the Amended Complaint should be denied. The court will enter a separate order in accordance with this memorandum opinion.

**DONE** and **ORDERED** this <u>   20th   </u> day of July, 2007.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE
